IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

DIVISION  II

| | |
|---|---|
| STATE OF WASHINGTON, | No.  59013-1-II |
| Respondent, | |
| v. | |
| MATTHEW HOWARD SMITH, | UNPUBLISHED OPINION |
| Appellant. | |

PRICE, J. — Matthew H. Smith appeals his sentence following his conviction for reckless driving, arguing that the trial court improperly imposed legal financial obligations (LFOs).  We remand to the trial court to determine whether Smith is indigent as defined in RCW 10.01.160(3) and to reconsider the imposition of LFOs as appropriate.

FACTS

In November 2021, the State charged Smith with second degree assault, felony harassment, and reckless driving.  A jury found Smith not guilty of second degree assault and felony harassment but found him guilty of reckless driving.

At sentencing, the trial court imposed 364 days' confinement with 354 days suspended. The trial court did not address whether Smith was indigent, nor did Smith raise the issue, but the trial court imposed a $500 crime victim penalty assessment (VPA) and a $250 jury demand fee.

After sentencing, the trial court entered an order finding Smith indigent for the purposes of appeal and authorizing appointment of counsel and payment of appellate costs at public expense.

Smith appeals.

ANALYSIS

Smith argues that the trial court was not authorized to impose LFOs because he was indigent. Smith bases his argument on the trial court's post-sentencing order appointing counsel and authorizing appellate review at public expense, claiming that the order qualifies him as indigent for the purposes of LFOs. The State does not challenge Smith's interpretation of the trial court's order of indigency, but argues that relying on it would be an improper retroactive application of the finding because it was entered after the trial court imposed LFOs.

We disagree with both parties. Regardless of whether it is entered at sentencing or afterward, a finding of indigency for appointment of counsel does not satisfy the statutory definition of indigency related to the imposition of LFOs, RCW 10.01.160(3). Thus, it is unclear whether the trial court was authorized to impose the LFOs.

LFOs are authorized by statute; the VPA is authorized by RCW 7.68.035, and the jury demand fee is authorized by RCW 10.46.190. The trial court may not impose the VPA or jury demand fee on a defendant that is indigent as defined in RCW 10.01.160(3). RCW 7.68.035(4), 10.46.190.

RCW 10.01.160(3) provides:

> The court shall not order a defendant to pay costs if the defendant at the time of sentencing is indigent. In determining the amount and method of payment of costs for defendants who are not indigent, the court shall take account of the financial resources of the defendant and the nature of the burden that payment of costs will impose. For the purposes of this section, a defendant is "indigent" if the defendant: (a) *Meets the criteria defined in RCW 10.101.010(3)(a) through (c)*; (b) is homeless or mentally ill as defined in RCW 71.24.025; (c) has household income above 125 percent of the federal poverty guidelines and has recurring basic living costs, as defined in RCW 10.101.010, that render the defendant without the financial ability

to pay; or (d) has other compelling circumstances that exist that demonstrate an inability to pay.

(Emphasis added.) RCW 10.101.010(3) defines indigent:

"Indigent" means a person who, at any stage of a court proceeding, is:

(a) Receiving one of the following types of public assistance . . .; or

(b) Involuntarily committed to a public mental health facility; or

(c) Receiving an annual income, after taxes, of one hundred twenty-five percent or less of the current federally established poverty level; or

(d) Unable to pay the anticipated cost of counsel for the matter before the court because his or her available funds are insufficient to pay any amount for the retention of counsel.

Contrary to Smith's assertion, RCW 10.01.160(3) does not incorporate subsection (d) of RCW 10.101.010(3), the portion that defines indigent based on the inability to pay for counsel. Instead, for LFOs to be prohibited under RCW 7.68.035(4) or RCW 10.46.190, a defendant must either be found indigent under the specific criteria in RCW 10.101.010(3)(a) through (c) or the additional criteria in RCW 10.01.160(3)(b) through (d). *See State v. Matamua*, 28 Wn. App. 2d 859, 879 n.5, 539 P.3d 28 (2023), *review denied*, 2 Wn.3d 1033 (2024).

Here, the trial court's order of indigency does not contain any finding that Smith was indigent as defined under any criteria in RCW 10.01.160(3). But there is also no indication that the trial court considered whether Smith was indigent as defined in RCW 10.01.160(3).[1] Both RCW 7.68.035(4) and RCW 10.46.190 prohibit imposing the jury demand fee and VPA on

---

[1] We note that the trial court did not specifically consider whether Smith was indigent for the purposes of imposing LFOs because Smith did not raise indigency or object to the LFOs at sentencing. We may decline to address an issue raised for the first time on appeal. RAP 2.5(a). However, RAP 2.5(a) is discretionary and, given the problematic consequences of imposing LFOs, we exercise our discretion to address Smith's challenge to his LFOs. *See State v. Blazina*, 182 Wn.2d 827, 834-36, 344 P.3d 680 (2015).

No. 59013-1-II

indigent defendants.  And the record is unclear whether Smith is indigent as defined in RCW 10.01.160(3).

Accordingly, we remand to the trial court to determine whether Smith is indigent as defined in RCW 10.01.160(3) and reconsider imposing LFOs as appropriate.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

PRICE, J.

We concur:

GLASGOW, P.J.

CHE, J.

4